IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **PEGGY RANDALL,**<br><br>    Plaintiff<br><br>v.<br><br>**W & S FUNDS, LLC, ELIZABETH CRUIKSHAN, CRUISHANK ERIN, LLC,**<br><br>    Defendants. | Civil Action No. 7:20-CV-211 (HL) |

**ORDER**

Before the Court is pro se Plaintiff Peggy Randall's Petition to Set Aside Dismissal of Case, which the Court construes as a motion to set aside the judgment entered on May 31, 2022. (Doc. 21). For the following reasons, Plaintiff's motion is **GRANTED**. The Court further interprets Plaintiff's motion as a response to the Court's May 2, 2022 Order to Show Cause. (Doc. 17). Finding no basis to extend the time for service, the Court **DISMISSES** Plaintiff's case without prejudice.

Plaintiff filed this action on October 21, 2020, seeking a preliminary and permanent injunction against Defendants W & S Funds, LLC, Elizabeth Cruikshan, and Cruikshank Erin, LLC based on allegations that Defendants instituted unlawful foreclosure proceedings against Plaintiff. The Court denied Plaintiff's motion to proceed *in forma pauperis* ("IFP") on October 6, 2021,

obligating Plaintiff both to pay the Court's mandatory filing fee and to perfect personal service on the named Defendants. While Plaintiff remitted the filing fee, she took no steps to serve Defendants. Accordingly, on May 2, 2022, the Court issued an Order to Show Cause, directing Plaintiff to show cause why her case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for lack of service. (Doc. 17). The Court's Order was returned as undeliverable. (Doc. 18). Receiving no response to the Order, the Court dismissed Plaintiff's case. (Doc. 19).

In her motion to set aside the judgment, Plaintiff states that while she received a copy of the dismissal order, she never received the order to show cause. According to Plaintiff, she submitted an updated mailing address to the United States Postal Service ("USPS"). USPS properly forwarded the dismissal order to her new address but for some reason did not do the same with the earlier order to show cause. Plaintiff does not indicate, nor is there any evidence, that she updated her mailing address with the Court as she was required to do.

Pursuant to Federal Rule of Civil Procedure 60, the court may relieve a party from a final judgment when there is evidence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court liberally construes Plaintiff's failure to inform the Court of her new address as a "mistake" or "excusable neglect." Plaintiff was obliged to keep the Court informed of her address; however, the Court understands why Plaintiff believed submitting a

change of address form to USPS was sufficient to ensure receipt of her mail. The Court accordingly **GRANTS** Plaintiff's motion to set aside the judgment. However, Plaintiff's case is still subject to dismissal as she has not provided proof of service, nor has she provided a basis for extending the service deadline.

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). If the plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Good cause exists, "only when some outside factor, such as reliance on faulty service, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal punctuation and quotation omitted). Absent a showing of good cause, the district court may in its discretion extend the time for service. See Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). In making this decision, the district court shall "consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Lepone-Dempsey, 476 F.3d at 1282. Relevant

factors include whether plaintiff's claims would be barred by the statute of limitations if the action is dismissed. See Horenkamp, 402 F.3d at 1131, 1133. However, "the running of the statute of limitations does not require that a district court extend the time for service of process" under Rule 4(m). Id.; see also In re Trasylol Products Liability Litigation, 503 F. App'x 850, 857 (citing Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run.")).

Plaintiff filed this action on October 21, 2020. Because she also filed a motion to proceed IFP, Plaintiff's obligation to effect service was not triggered until the Court denied Plaintiff's motion on October 6, 2021. See 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) (requiring the court to issue service of process when a plaintiff is proceeding IFP). The Court provided Plaintiff with a Rule 4 service information package on October 12, 2021, after Plaintiff paid the filing fee. These materials outlined the steps required for service. Still, Plaintiff never requested that the Clerk of Court issue summons as required by Rule 4(b), nor did she file proof of service.

The Court ordered Plaintiff to show cause on May 2, 2022, why her case should not be dismissed for lack of service. The Court construes Plaintiff's present motion as a response to that order. Plaintiff provides no reason for her continued failure to serve Defendants. Plaintiff thus has not established good

4

cause for extending the time for service, nor does the Court find that the circumstances presented in this case warrant extending the time for service of process. The Court therefore **DISMISSES** this action without prejudice.

**SO ORDERED**, this the 11th day of August, 2022.

                               <u>*s/ Hugh Lawson*</u>_____
                               **HUGH LAWSON, SENIOR JUDGE**

aks